UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacob Baker, | ) C/A No. 8:14-113-JMC-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## BACKGROUND OF THE CASE

Plaintiff is resident of Greenville, South Carolina. Plaintiff has brought suit against the Social Security Administration. This Court is construing Plaintiff's Complaint as a civil rights action against the Social Security Administration.

The "STATEMENT OF CLAIM" of the Complaint reveals that Plaintiff is seeking to have his Social Security benefits paid directly to him and not to a representative payee. On page 3 of the Complaint, Plaintiff appears to be alleging that he fears that the representative payee will "steal" his Social Security benefits [Doc. 1 at 3]. Plaintiff also seeks to invoke this Court's pendent jurisdiction [*Id.* at 4]. In his prayer for relief, Plaintiff seeks damages and an investigation [*Id.* at 5].

Although the Complaint is five pages in length, Plaintiff has attached forty-nine pages of exhibits [Doc. 1-1] to the Complaint. The exhibits include the address of the

1

Regional Counsel for the Social Security Administration in Atlanta, Georgia [*Id.* at 1]; a letter dated December 14, 2012, from Plaintiff to the Social Security Administration [*Id.* at 2–6]; a written statement dated December 15, 2012, from Plaintiff [*Id.* at 7]; a letter dated June 8, 2012, from the Social Security Administration to Plaintiff indicating the amount of Plaintiff's monthly Social Security benefits [*Id.* at 8 and 10]; a written statement dated June 14, 2010 and June 16, 2010, by Plaintiff [*Id.* at 9]; a billing statement from the Harris Psychiatric Hospital dated April 9, 2010 [*Id.* at 11]; "Ticket to Work" progress review forms [*Id.* at 12–14]; page 2 of a letter from Mary Ann Sloan, Regional Chief Counsel, to Plaintiff [*Id.* at 15]; a letter dated July 26, 2013, from the Social Security Administration to Plaintiff's representative payee [*Id.* at 16]; a copy of an Order of Dismissal and Release dated February 22, 2012, from the Probate Court for Greenville in *Ex Parte: Jacob Baker*, File No. 12CD230021 [*Id.* at 17]; a payment detail sheet from St. Francis Hospital [*Id.* at 18]; a letter dated July 22, 2013, to Plaintiff from the Bureau of Fiscal Service (United States Department of the Treasury, which indicates that a portion of Plaintiff's Social Security benefits was being withheld to satisfy a federal tax debt [*Id.* at 19]; a billing statement dated February 14, 2013, from St. Francis Eastside to Plaintiff [*Id.* at 20]; a letter dated October 3, 2011, from the South Carolina Department of Health and Human Services to Plaintiff indicating that Plaintiff's Medicaid benefits would end because he was no longer receiving Supplemental Security Income [*Id.* at 21]; a prescription list dated December 19, 2012, from the Bon Secours Health System [*Id.* at 22]; an undated form letter from "SC WORKS" to Plaintiff [*Id.* at 23]; a list of providers of tutoring services in the Greenville area [*Id.* at 24]; a copy of a webpage dated August 22, 2011, of the Financial Crimes

Enforcement Network of the United States Department of the Treasury [*Id.* at 25]; a webpage from Wikipedia on France [*Id.* at 26]; Plaintiff's resume [*Id.* at 27]; the first page of a letter dated December 10, 2012, from the Social Security Administration's Office of Regional Counsel to Plaintiff relating to Plaintiff's allegations of discrimination [*Id.* at 28]; an appointment reminder dated September 11, 2011, from the Greenville Mental Health Center to Plaintiff [*Id.* at 29]; a Social Security earnings statement dated July 30, 2001, for Plaintiff [*Id.* at 30–33]; a Form SSA-437-BK signed by Plaintiff on September 10, 2012 [*Id.* at 34]; a written statement dated September 10, 2012, from Plaintiff [*Id.* at 35]; informational pages from a Form SSA-437-BK [*Id.* at 36–37]; an envelope from the GEICO Insurance Company to Plaintiff [*Id.* at 38–39]; a Notice of Cancellation for nonpayment of premium from the GEICO Insurance to Plaintiff [*Id.* at 40–41]; a Notice of Benefit Amount from the Social Security Administration addressed to Plaintiff's representative payee indicating the amount of Plaintiff's monthly Social Security benefits as of January 1, 2014 [*Id.* at 42–45]; an envelope postmarked December 10, 2012, from the Social Security Administration's Office of Regional Counsel to Plaintiff [*Id.* at 46]; a business card from an entitlement specialist for the Greenville Mental Health Center [*Id.* at 47]; two telephone numbers for the Social Security Administration [*Id.* at 48]; and a written statement dated December 15, 2012, by Plaintiff [*Id.* at 49].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983 or *Bivens* Doctrine**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal

constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

### United States of America Immune from Suit

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Moreover, a *Bivens* action may not be brought against the United States and other federal governmental agencies or entities, such as the Social Security Administration. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

### There is no "final decision" of the Commissioner for this Court to review

One of Plaintiff's exhibits [Doc. 1-1 at 28] indicates that Plaintiff was found to be disabled by an ALJ on September 9, 2011, with an onset date of December 31, 2003. The

6

ALJ awarded Social Security disability insurance benefits but recommended the appointment of a representative payee [*Id*.].  Plaintiff did not appeal the ALJ's decision to the Appeals Council.  Hence, no "final decision" of the Commissioner of Social Security is currently before this Court.  The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration.  42 U.S.C. § 405(g).  The Supreme Court of the United States has enumerated three requirements for judicial review:

> Section 405(g) specifies the following requirements for judicial review:  (1) a final decision of the [Commissioner] made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.  The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975).

The Supreme Court noted that the second and third requirements were waivable by parties.  *Id*.  The first requirement, *i.e.*, a final decision of the Commissioner made after a hearing was not listed or categorized as being waivable, unlike the statute of limitations and venue.  *Id*. at 764.  The Supreme Court held that the first requirement was mandatory: "We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by the [Commissioner],  that  type being those which are 'final and 'made after a hearing.'"  *Id*.

## RECOMMENDATION

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

January 23, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).