**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Jacob Baker, | Civil Action No. 8:14-cv-00113-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Nancy A. Berryhill[1], *Acting Commissioner of Social Security Administration*, | |
| Defendant. | |

This matter is before the court pursuant to Jacob Baker's ("Plaintiff") Fed. R. Civ. P. 59(e) Motion for Reconsideration seeking reconsideration of the court's adoption of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10). For the reasons that follow, the court **DENIES** Plaintiff's Motion for Reconsideration.

**I. PROCEDURAL HISTORY**

On January 14, 2014, Plaintiff brought suit against the Social Security Administration seeking to have his Social Security benefits paid directly to him and not a representative payee. (ECF No. 1.) Plaintiff alleges that he fears that a representative payee will steal his benefits and therefore seeks damages and an investigation. (*Id.*) The case was assigned to Magistrate Judge Jacquelyn D. Austin pursuant to Local Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(b)(1)(B).

On January 23, 2014, the Magistrate Judge issued the Report recommending that the court summarily dismiss Plaintiff's complaint without prejudice and without service of process. (ECF

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to rule 35(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Carolyn W. Colvin as the defendant in this suit.

No. 10.) In the Report, Plaintiff was advised of his right to file objections. (ECF No. 10 at 9.) The Clerk's Office mailed the Report to Plaintiff on January 23, 2014. (ECF No. 12.) Having received no objections to the Report, the court accepted the Report and dismissed Plaintiff's complaint. (ECF No. 18.)

On February 21, 2014, two days after the court dismissed Plaintiff's complaint, Plaintiff filed a letter with the court asserting that he did not receive the opportunity to object to the Magistrate Judge's Report. (ECF No. 22.) Before the court could act on Plaintiff's letter, he filed a notice of appeal to the Fourth Circuit. (ECF No. 27.)

The Fourth Circuit remanded the case to this court and instructed the court to construe Plaintiff's February 21, 2014 letter as a Rule 59(e) Motion for Reconsideration. *Baker v. Comm'r*, 578 F. App'x 259, 259 (4th Cir. 2014). In its decision, the Fourth Circuit viewed Plaintiff's objections to the Magistrate Judge's Report as a Rule 59(e) Motion to Reconsider and construed Plaintiff's letter as arguing that he was deprived of *de novo* review because he did not timely receive the Report and was thus unable to object. *Id.*

## II. LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule

59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 U.S. Dist. LEXIS 48735, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### III. ANALYSIS

A.  <u>Motion to Reconsider</u>

Under Rule 59(e), a court may grant a motion to reconsider if there has been (1) an intervening change in the controlling law; (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice. *Robinson*, 599 F.3d at 407. Here, Plaintiff does not assert that there has been either a change in controlling law or the discovery of evidence that was previously unavailable.

Plaintiff's argument appears to be asserted under the principle adopted by some courts that a motion for reconsideration should be granted upon a showing of certain circumstances constituting manifest injustice. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *Beyond Sys., Inc. v Kraft Foods, Inc.*, 2010 U.S. Dist. LEXIS 78689, at *2. (D. Md. Aug. 4, 2010). "Manifest injustice occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.'" *Sanders v Wal-Mart Stores E., LP*, 2016 U.S. Dist. LEXIS 143250, at *3 (D.S.C. Oct. 17, 2016) (ellipsis omitted) (quoting *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2012)). A patent misunderstanding or misapprehension of the facts or arguments, so as to warrant a finding of manifest injustice, occurs only where such error was indisputably obvious and apparent from the

face of the record. *See In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("A party may only be granted reconsideration based on manifest injustice if the error is 'apparent to the point of being indisputable.' In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be 'so patently unfair and tainted that the error is manifestly clear to all who view it.'" (internal citations and brackets omitted) (quoting *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 U.S. Dist. LEXIS 116229, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011); *Conway v. A.I. duPont Hosp. for Children*, 2009 U.S. Dist. LEXIS 45198, 2009 WL 1492178, at *6 n.8 (E.D. Pa. May 26, 2009))). Here, it is necessary for the court to analyze the timeliness of Plaintiff's filing of objections in order to determine if he was unjustly and erroneously deprived of *de novo* review.

B.  Timeliness of Plaintiff's Filing

A party has 14 days after being *served* with a copy of a magistrate judge's report to specifically object to the report's proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). When a magistrate judge's report is served by mail to a party's last known address, service is complete on the date the report is placed in the mail. *See* Fed. R. Civ. P. 5(b)(1)(C). Under Rule 6(d), an extra 3 days are added to the 14-day period for filing objections if the report is served by mail. Fed. R. Civ. P. 6(d). This effectively gives a party a 17-day period in which to object to a magistrate judge's report after the date the report is served through placement in the mail. Objections to a magistrate judge's report are timely only if they are received and filed at the Clerk's Office within this 17-day period. *Gerard v. Lee*, 2012 U.S. Dist. LEXIS 182508, at *1 (D.S.C. Dec. 28, 2012).

Here, Plaintiff asserts that he did not timely receive[2] the Report and was therefore unable to file objections to the Report. (ECF No. 22.) The timing of Plaintiff's receipt is irrelevant because the time period in which to file objections commenced upon service, not upon receipt, of the Report. Fed. R. Civ. P. 5(b)(1)(C). The Report was mailed, and therefore served, on January 23, 2014. (ECF No. 12.) Under Rules 6(a) and (d), the counting of the 17 days would start on January 24th and run until February 10th. Moreover, Plaintiff, as a *pro se* litigant who is not a prisoner, is not accorded the benefit of the mail box rule. *See Rumph v. Colvin*, 2017 U.S. Dist. LEXIS 4508, at *1 (D.S.C. Jan. 11, 2017). Plaintiff filed his objections to the Report on February 21st which was well after the February 10th deadline. Plaintiff therefore failed to timely file his objections within the period required by Rule 72(b)(2), and 28 U.S.C. § 636(b)(1)(C). Because Plaintiff's objections were untimely, he is only eligible for clear error review. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

C.   Plaintiff's Objections

Even if Plaintiff's objections were timely, the court's review of the Report would not be subject to the *de novo* standard of review because Plaintiff's objections were nonspecific. This allowed the court to adopt the Report subject to the clear error standard. As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even liberally construed, Plaintiff's objections fail to address the deficiencies pointed out by the Magistrate Judge's Report, and Plaintiff fails to explain why the Magistrate

---

[2] The court notes that Plaintiff filed a mostly illegible document (ECF No. 21) indicating that he had changed his address. Plaintiff seems to argue that the court sent the Report to the old address and not the one indicated in his letter and that this was the cause of his untimely objections. (*Id.*) The court notes that the address referenced in the letter is the exact same as Plaintiff's last known address as indicated in both his Complaint (ECF No. 1) and his Civil Cover Sheet (ECF No. 2). The Report was thus sent to the most recent address of which Plaintiff had advised the court.

Judge's conclusions are incorrect. Plaintiff merely reasserts the claims he made in his complaint instead of challenging and objecting to the Magistrate Judge's conclusions regarding Plaintiff's § 42 U.S.C. 1983 and *Bivens*[3] claims, her conclusion that the United States and federal agencies like the Social Security Administration are immune from suit, and her determination that there was no "final decision" by the Commissioner of Social Security before the court for review. (ECF No. 10.) Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 316 (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Here, not only has Plaintiff failed to timely file his objections, but he has also failed to specifically object to the conclusions within the Magistrate Judge's Report. Therefore, the court finds that the Report provided an accurate summary of the facts and law, that it does not contain clear error, and that Plaintiff has waived appellate review by only lodging general objections. *See Wright,* 766 F.2d at 845-46; *Thomas*, 474 U.S. at 8. Thus, for this reason as well, the court did not

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

commit clear error by assessing the Report under the clear error standard, and reconsideration is not warranted.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 22.)

**IT IS SO ORDERED**.

United States District Court Judge

June 15, 2017
Columbia, South Carolina